No. 13-15637

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

In re: CHASE BANK, USA, N.A. "CHECK LOAN" CONTRACT LITIGATION,

DANIEL J. HERBISON,

*Appellant*,

vs.

CHASE BANK USA, N.A.,

*Appellee.*
_____

On Appeal From an Order of the United States District Court for the
Northern District of California
Case No. 3:09-md-2032-MMC
Hon. Maxine M. Chesney
_____

**BRIEF OF *AMICI CURIAE* MICHAEL MOORE ET AL. IN SUPPORT OF APPELLEE AND ARGUING FOR AFFIRMANCE**

Elizabeth J. Cabraser (Cal. Bar No. 83151)
Michael W. Sobol (Cal. Bar No. 194857)
Roger N. Heller (Cal. Bar No. 215348)
LIEFF CABRASER HEIMANN & BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Additional Counsel Listed on Signature Page*          Dated:  October 14, 2013

1135247.2

## **RULE 29(c)(5) STATEMENT**

*Amici Curiae* Michael Moore *et al.* certify that: (a) no party's counsel (i.e., counsel for the Appellant or the Appellee) authored this brief in whole or in part; (b) no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and (c) no other person—other than *amici* or their counsel—contributed money that was intended to fund preparing or submitting this brief.

Dated:  October 14, 2013       Respectfully submitted,


By:   /s/ Michael W. Sobol

Elizabeth J. Cabraser
Michael W. Sobol
Roger N. Heller
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

1135247.2

# **TABLE OF CONTENTS**

**Page**

SOURCE OF AUTHORITY AND INTEREST OF AMICI CURIAE ........ 1

ARGUMENT ................................................................................................ 1

    I.    The Issues Raised On This Appeal Are Limited. ..................... 1

    II.   The District Court Had Personal Jurisdiction Over Mr. Herbison. .......................................................................... 2

    III.  The Contempt Order Was Within the District Court's Authority. ................................................................................ 4

CONCLUSION ............................................................................................. 6

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .................................................................. 4, 5

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797, 811-12 (1985) ....................................................................... 3

## **RULES**

Fed. R. App. P. 4 ................................................................................................ 5

Fed. R. Civ. P. 23 ..................................................................................... 3, 4, 6

Fed. R. Civ. P. 23(b)(3) ..................................................................................... 4

Fed. R. Civ. P. 23(c)(2) ..................................................................................... 4

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................... 4

Fed. R. Civ. P. 23(d) ......................................................................................... 4

Fed. R. Civ. P. 23(e) ......................................................................................... 5

Fed. R. Civ. P. 23(e)(1) ..................................................................................... 5

Fed. R. Civ. P. 23(e)(5) ..................................................................................... 5

**SOURCE OF AUTHORITY AND INTEREST OF AMICI CURIAE**

This brief is filed on motion pursuant to Fed. R. App. P. 29(b). The *Amici Curiae*[1] are the named Plaintiffs and Court-appointed representatives of the certified Class in the underlying action, and are signatories to the class action settlement agreement in the action (the "Settlement").

**ARGUMENT**

**I.     The Issues Raised On This Appeal Are Limited.**

As Appellee Chase Bank USA, N.A. ("Chase") notes in its brief, the issues raised on this appeal are very limited in scope.

Appellant Daniel Herbison does <u>not</u> seek to disturb the District Court's final approval of the Settlement or the corresponding Judgment, which are no longer appealable as the time for filing any such appeal has long past with none having been filed, and in fact the significant monetary relief provided for in the Settlement has been distributed to the Class. ER, Vol. I, 51-52 (Mr. Herbison confirming that "I'm not attacking any part of that final order….I'm not asking any part of what [the District] Court has done to be set aside."); ER, Vol. II, 98 (Mr. Herbison stating that "[t]he proceedings [in the

---

[1] *Amici Curiae* are Michael Moore, Brian Wilkinson, Carole Lazinski, David Greenberg, Jacob Kuramoto, James Hanisch, Melissa Neuman, Orly Williams, Regina Smolensky, Richard Reinertson, and Frederic Soliman.

1135247.2                                    -1-

District Court] are complete, and Herbison does not seek to set aside or modify any part of [the District] Court's final order.").

Likewise, Mr. Herbison is <u>not</u> asking this Court to review any of the underlying findings that the District Court made in approving the Settlement, such as its findings that the Settlement is fair, reasonable and adequate, or that Mr. Herbison and the other Class members, from New Mexico and otherwise, were adequately represented.  *Ibid.*; Appellant's Br. at 6 ("This appeal does not seek a determination of the adequacy of representation.").

Rather, the only issues raised on this appeal are: (1) the threshold question of whether there is appellate jurisdiction in light of, *inter alia*, the fact that Mr. Herbison has requested dismissal of his New Mexico state court action; (2) whether the District Court had personal jurisdiction over Mr. Herbison; and (3) whether the District Court acted within its discretion in issuing the contempt order from which this appeal was taken.  This brief focuses on the second and third issues.

## II.     The District Court Had Personal Jurisdiction Over Mr. Herbison.

Mr. Hebison's contention that the District Court lacked personal jurisdiction over him is simply wrong.  Under well-established law, the District Court had personal jurisdiction over Mr. Herbison because he, like the other members of the certified nationwide Class, received sufficient notice

and was provided opportunities to both opt-out of the Class and to object to the Settlement. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985). Mr. Herbison does not dispute that he received multiple notices about the case and Settlement, that the content of the notices satisfied Rule 23, or that he had a full and fair opportunity to opt-out and object. ER, Vol. I, 30-31 (It's…undisputed that I received the various notices throughout here."); ER, Vol. I, 32-33 ("I'm not premising anything here on any failure of Rule 23 procedures by the Court."). Mr. Herbison was aware of his options under Rule 23 procedure, and made the informed and conscious decision not to exercise any of those options. There is simply no basis, under these circumstances, for Mr. Herbison to argue that he was denied the "minimal procedural due process" that is required for personal jurisdiction to attach. *Shutts*, 472 U.S. at 811-812.

Nor is there any occasion for this Court to review the District Court's well-supported determinations (made both at the class certification and the settlement approval stages) that the interests of the absent class members were adequately represented in this case. Mr. Herbison did not object to the Settlement on adequacy grounds, and no timely appeal was taken, by any Class member, with respect to that or any other aspect of the District Court's final approval order. Moreover, Mr. Herbison has made clear, on this appeal,

that he is not asking this Court to reach the issue. Appellant's Br. at 6 ("This appeal does not seek a determination of the adequacy of representation."); *see also* ER, Vol. II, 98 ("Herbison does not seek to set aside or modify any part of this Court's [Final Approval] order").

### III.    The Contempt Order Was Within the District Court's Authority.

The District Court's contempt order falls within the broad discretion conferred by Federal Rule of Civil Procedure 23 to manage and control class actions. *See* Fed. R. Civ. P. 23(d). Rule 23(d) "vests a district court with the authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998).

Rule 23 establishes well-defined procedural safeguards to protect absent class members. These procedural safeguards functioned properly in this case to ensure that Mr. Herbison received adequate due process throughout the litigation and resolution of the underlying action. First, Rule 23(c)(2) requires notice be directed to class members upon certification of a 23(b)(3) class and class members be given the opportunity to request exclusion. Fed. R. Civ. P. 23(c)(2)(B). Mr. Herbison received the litigation notice distributed to the nationwide class in Fall 2011, which explained the nature of the single claim being asserted on behalf of the class, and did not

request exclusion from the class. ER, Vol. I, 30:25-31:22. <u>Second</u>, Rule 23(e) requires that notice of a proposed settlement must be directed to class members and that class members be permitted to object to the settlement. Fed. R. Civ. P. 23(e)(1) & (5)). Mr. Herbison readily acknowledges that he received the settlement notice and did not lodge an objection. ER, Vol. I, 30:25-31:3, 31:2-4, 47:23-48:4.

<u>Third</u>, the district court must hold a hearing and determine that the proposed settlement is fair, reasonable, and adequate in order to grant final approval. The District Court held a fairness hearing on November 16, 2012, at which one objector spoke in person and a second through counsel. ER, Vol. III, 162, 168:12-180:5. Mr. Herbison was not present at the fairness hearing. The District Court subsequently issued a final approval order, finding the settlement fair, reasonable, and adequate. ER, Vol. III, 155-160. In addition, Federal Rule of Appellate Procedure 4 permits an appeal of a final approval order. Fed. R. App. P. 4. No class member filed a notice of appeal.

Mr. Herbison affirmatively chose not to avail himself of the ample procedural safeguards available to him as a class member. He should not be allowed to simply ignore the rules specifically designed to protect class members and instead abide by a protocol of his own making. *See Hanlon*, 150 F.3d at 1024-1026. Indeed, if that option were available, it would

signficantly weaken Rule 23 and the purposes it is designed to serve, as parties would always face the never-ending risk that class members who remain in the class might nevertheless persist with their own separate actions on top of the class action resolved.[2]

Under the circumstances here, the District Court acted well within its authority and discretion in enforcing its order which Mr. Herbison willfully defied.

## **CONCLUSION**

The District Court's order should be affirmed.

Dated:  October 14, 2013                Respectfully submitted,


By:    /s/ Michael W. Sobol

Elizabeth J. Cabraser
Michael W. Sobol
Roger N. Heller
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

---

[2]  The situation here is different from one where, for example, there is a failure to direct notice to persons within the class, or class members were not provided an opportunity to be heard.

James C. Sturdevant
**THE STURDEVANT LAW FIRM, P.C.**
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone: (415) 477-2410
Facsimile: (415) 477-2420

Oren S. Giskan
Catherine E. Anderson
Jason L. Solotaroff
**GISKAN SOLOTAROFF ANDERSON**
 **& STEWART LLP**
11 Broadway, Suite 10004
Telephone: (215) 847-8315
Facsimile: (215) 964-9645

Robert S. Green
**GREEN & NOBLIN, P.C.**
700 Larkspur Landing Circle
Suite 275
Larkspur, California 94939
Telephone: (415) 477-6700
Facsilime:  (415) 477-6710

Eric H. Gibbs
Geoffrey A. Munroe
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

-8-

Nicole Duckett Fricke
**MILBERG LLP**
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

*Counsel for Amici Curiae*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief contains **1,261** words, and thus complies with the type-volume limitations of Federal Rule of Appellate Procedure 29(d) because it is no more than one-half the maximum length authorized by Fed. R. Civ. P. 32(a)(7)(B)(i). In making this certification, the undersigned has relied upon the word count of the word processing systems used to prepare this brief.

Dated:  October 14, 2013                    Respectfully submitted,


By:   /s/ Michael W. Sobol

Elizabeth J. Cabraser
Michael W. Sobol
Roger N. Heller
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

9th Circuit Case Number(s) | 13-15637

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) October 14, 2013.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Roger N. Heller

*********************************************************************************

## CERTIFICATE OF SERVICE
When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)